UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL E. ORSELLO,

    Plaintiff,                                                        Civil No. 07-1820 (PAM/JSM)

v.

STEVEN D. GAFFNEY, et al.,                           <u>REPORT AND
RECOMMENDATION</u>

    Defendants.

JANIE S. MAYERON, United States Magistrate Judge

    This matter is before the undersigned Magistrate Judge of the District Court on plaintiff's Amended Complaint [Docket No. 9]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). For the reasons discussed below, the Court concludes that plaintiff's Amended Complaint [Docket No. 9] should be **DISMISSED** with prejudice.

    Plaintiff's underlying claim involves a dispute pertaining to his right to legal title in property and the attempts of defendants, unnamed lawyers and the county to deprive him of his property through an action in a Minnesota state district court. The only relief that plaintiff seeks in this action is the appointment of legal counsel by this Court to address the alleged deprivation of property. This Court finds that plaintiff's Amended Complaint should be dismissed for two reasons: lack of redressibility and he is requesting relief that this Court has no authority to grant.

"To have standing, a party must demonstrate injury in fact, causation, and redressibility."[1] In re Workers' Compensation Refund, 46 F.3d 813, 822 (8th Cir. 1995) (citing Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 472 (1982). Redressibility is established when there is a likelihood that the requested relief will redress the plaintiff's alleged injury. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 44-46 (1976). Even if this Court were to order that plaintiff be appointed legal counsel, such relief, in of itself, would not address the alleged deprivation of property at issue. In other words, appointment of counsel will not redress the deprivation of property he claims he is experiencing in state court. Therefore, standing is lacking, and plaintiff's claim should be dismissed.

Further, this Court does not have the jurisdiction to grant the relief sought by the Amended Complaint as "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (citations omitted); see also McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).

## RECOMMENDATION

For the reasons set forth above, it is recommended that: Plaintiff's Amended Complaint [Docket No. 9] should be **DISMISSED** with prejudice.

Dated: February 5, 2008

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

[1] "Courts are 'obliged to examine standing sua sponte where standing has erroneously been assumed. . . .'" Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007) (quoting Adarand Const., Inc. v. Mineta, 534 U.S. 103, 109, 122 S.Ct. 511, 151 L.Ed.2d 489 (2001)).

2

3

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 22, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.